UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE FISHER, | ) CV F 06 0363 AWI DLB |
| | ) |
| | ) FINDINGS AND RECOMMENDATION |
| Plaintiff, | ) REGARDING COMPLAINT |
| | ) |
| v. | ) |
| | ) ORDER DENYING PLAINTIFF'S MOTION |
| | ) FOR DEFAULT |
| STATE OF CALIFORNIA, | ) [Doc. 11] |
| | ) |
| | ) |
| Defendant. | ) |

Plaintiff, proceeding pro se and in forma pauperis, filed the instant complaint on March 31, 2006. Plaintiff names the State of California as Defendant and asserts claims involving the custody of his children  Plaintiff seeks monetary damages and injunctive relief.

On February 9, 2007, plaintiff filed a motion for entry of default against the State of California. Plaintiff's motion is HEREBY DENIED. As discussed below, pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial screening of the complaint prior to ordering service. The Court has not yet determined that the complaint state s a cognizable claim for relief and therefore has not yet ordered service. Plaintiff's motion for entry of default is therefore denied.

1

# DISCUSSION

## A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2

B.  <u>Discussion</u>

Much of Plaintiff's complaint concerns the custody of his children.  It appears plaintiff contests the custody arrangement awarded by the Kern County Superior Court.  Plaintiff contends the Judges made unlawful orders and the attorneys lied.

Federal courts are to decline jurisdiction of cases concerning domestic relations.  <u>See</u>, e.g., <u>In re Burrus</u>, 136 U.S. 586, 593-94, 10 S.Ct. 850, 852-53 (1890); <u>Peterson v. Babbitt</u>, 708 F.2d 465, 466 (9th Cir.1983).

Plaintiff's complaint has numerous problems, including jurisdictional problems and immunity issues.  Plaintiff also provides little more than conclusory statements in support of his vague discrimination claims.

Most importantly, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  <u>Brooks v. Sulphur Springs Valley Elec. Co.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); <u>see also</u> <u>Seminole Tribe of Fla. v. Florida</u>, 116 S.Ct. 1114, 1122 (1996); <u>Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993); <u>Austin v. State Indus. Ins. Sys.</u>, 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  <u>See</u> <u>Natural Resources Defense Council v. California Dep't of Tranp.</u>, 96 F.3d 420, 421 (9th Cir. 1996); <u>Brook</u>, 951 F.2d at 1053; <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1989).  The State of California, the only named defendant in this action, is therefore immune from suit.

In addition, Federal courts are to decline jurisdiction of cases concerning domestic relations.  <u>See</u>, <u>e.g.</u>,  <u>In re Burrus</u>, 136 U.S. 586, 593-94, 10 S.Ct. 850, 852-53 (1890); <u>Peterson v. Babbitt</u>, 708 F.2d 465, 466 (9th Cir.1983).

<u>RECOMMENDATION</u>

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

1  These Findings and Recommendation are submitted to the Honorable Anthony W. Ishii
2 pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being
3 served with these Findings and Recommendation, Plaintiff may file written objections with the
4 Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
5 Recommendations."  Plaintiff is advised that failure to file objections within the specified
6 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
7 (9th Cir. 1991).

9  IT IS SO ORDERED.
10  Dated:  **February 28, 2007**            **/s/ Dennis L. Beck**
   3b142a                                UNITED STATES MAGISTRATE JUDGE